**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MAILAINE ARIANNA PEREZ-GARCIA,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM; *et al.*,<br><br>Respondents. | ) | 3:26-CV-796 |

**ORDER**

Before the Court is Petitioner's Response to the Court's August 25, 2026, Order (ECF 18). The Court construes this filing as a motion arguing that Petitioner's June 16, 2026, bond hearing was fundamentally unfair, and also arguing that she is entitled to release from detention based on her health and length of detention. Upon careful consideration, the motion is hereby **DENIED.**

To begin with, the Court's review here is limited; federal courts "lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision" and may only "review whether the bond hearing was fundamentally unfair" such that it violated the detainee's due process rights. *Ghanem v. Warden*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). A bond hearing under Section 1226(a) is "fundamentally fair," and, thus satisfies due process, if three essential elements are met: (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on their behalf; and (3) the IJ makes an individualized determination of the detainee's interests." *Id.*

Against this deferential backdrop, the Court again determines that Petitioner's bond hearing was fundamentally fair.

***First***, Respondents have produced the factual record before the IJ at Petitioner's bond hearing. ECF 20-3. Petitioner does not argue that this record wasn't disclosed to her.

***Second***, Petitioner was represented by counsel at the bond hearing, and her counsel made arguments on her behalf. Her counsel argued that Petitioner did not pose a flight risk for many reasons, including Petitioner's fixed address, and her attendance at all hearings and "check-ins" in her immigration proceedings so far.[1] ECF 18-1, at 4.

Petitioner assets that she couldn't argue on her own behalf because the translator at her hearing did not translate for her when the IJ and DHS attorney spoke. ECF 18, at 1. But this isn't clearly true from the hearing transcript. The translator is on-the-record translating for Petitioner when questions are directed to her. *See* ECF 18-1, at 3. Even if it is true, Petitioner was still able to make her case through her counsel.

***Third***, the IJ made an individualized determination that Petitioner posed a flight risk. The IJ's order denying bond states that he "considered all relevant factors, both positive and negative," and denied bond for the reasons stated at the hearing. ECF 20-3, at 1. The bond transcript shows that the IJ appropriately weighed individualized factors when he denied bond. For example, the IJ considered

---

[1] To the extent Petitioner tries to argue that her counsel was ineffective, this argument has a couple of problems. For one, it is not clear under Third Circuit precedent that an ineffective-assistance-of-counsel claim is viable for a bond hearing like the one here. But even assuming that is, Petitioner's counsel adequately demonstrated familiarity with the record and made reasonable arguments based on that record. Additionally, the IJ's denial of bond was based largely on an adverse credibility finding in one of Petitioner's previous immigration matters. *See* ECF 18-1, at 7. So, even if Petitioner's counsel was deficient, the deficiency wasn't prejudicial.

Petitioner's fixed address, general compliance, and the adverse credibility finding in her previous immigration matter.[2]

In addition to challenging the fairness of the bond hearing, Petitioner makes two additional arguments. Neither is persuasive.

Petitioner seems to argue that she is entitled to release based on new medical issues. She specifically asserts that she has had seizures since being detained. ECF 18, at 2. The Third Circuit has ruled that immigration detainees can file habeas petitions seeking release based on medical conditions and inadequate care while detained. *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020). But Petitioner does not adequately demonstrate that any of her medical conditions cannot be treated while she is detained.

And Petitioner argues that her prolonged detention is unconstitutional and requires her release. The Court disagrees. Because the Court concludes that her bond hearing was fundamentally fair, Petitioner was afforded adequate due process when she had a fundamentally fair bond hearing. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278–79, 279 n.4 (3d Cir. 2018) (finding that petitioner's due process challenge for prolonged detention failed where petitioner was previously provided with a bond hearing).

For these reasons, the motion is **DENIED**.

DATED this 24th day of September, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

---

[2] Petitioner argues that the IJ erred by incorrectly concluding that she is unmarried. This argument requests that the Court reweigh evidence and review the IJ's discretionary findings. As explained above, the Court lacks jurisdiction to do this. *See* ECF 20-3.

cc:
Mailaine Arianna Perez-Garcia
A 220-572-456
Moshannon Valley Processing Center
555 Geo Drive
Philipsburg, PA 16866